UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-1107-JLS (KK)** | | Date: | February 10, 2021 |
|---|---|---|---|---|
| Title: | *Kenneth Buford Pollard v. Unknown* | | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed for (1) Failure to Name a Proper Respondent and (2) Failure to Comply with Rule 8 and Habeas Rule 2(c)**

**I.**
**INTRODUCTION**

On December 20, 2020, Petitioner Kenneth Buford Pollard ("Pollard"), an inmate at California Correctional Institution ("CCI") in Tehachapi, California, constructively filed[1] a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 ("Section 2254"). ECF Docket No. ("Dkt.") 1. The Petition purports to challenge a 2019 conviction in San Luis Obispo County Superior Court for (1) assault with a deadly weapon or instrument other than a firearm in violation of section 245(a)(1) of the California Penal Code and (2) criminal threats in violation of section 422 of the California Penal Code. Id. at 3.

It appears, however, the Petition is subject to dismissal because the Petition: (1) fails to name a proper respondent and (2) fails to comply with Federal Rule of Civil Procedure 8 ("Rule 8") and Rule 2(c) of the Rules Governing Habeas Corpus Cases Under Section 2254 ("Habeas Rule 2(c)"). The Court will provide Pollard an opportunity to address these issues before making a final determination regarding whether the Petition should be dismissed.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

**CIVIL MINUTES—GENERAL**

## II.
## DISCUSSION

### A.    THE PETITION FAILS TO NAME A PROPER RESPONDENT

#### 1.    Applicable Law

"[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (second alteration in original). Thus, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." Id. at 435; see also Stanley v. Cal. Sup. Ct., 21 F.3d 359, 360 (9th Cir. 1994) (as amended May 18, 1994) (holding the proper respondent in a habeas action is "typically . . . the warden of the facility in which the petitioner is incarcerated"); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam). "Failure to name the correct respondent destroys personal jurisdiction." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

#### 2.    Analysis

Here, Pollard has failed to name a Respondent. See dkt. 1. In order for the Court to entertain a Petition filed in this action, Pollard must name the warden in charge of the state correctional facility in which he is presently confined (i.e., the warden of CCI) or the Secretary for the California Department of Corrections and Rehabilitation. Brittingham, 982 F.2d at 379; Ortiz-Sandoval, 81 F.3d at 894. Accordingly, the Petition is subject to dismissal for failure to name a proper respondent.

### B.    THE PETITION FAILS TO COMPLY WITH RULE 8 AND HABEAS RULE 2(c)

#### 1.    Applicable Law

Under Rule 8, a petition must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(a), (d); see also Petillo v. Los Angeles Dep't. of Child. & Fam. Servs., No. CV 17-08062-JFW (AS), 2018 WL 748290, at *1 (C.D. Cal. Feb. 7, 2018) (applying Rule 8 standards to a habeas petition). "[T]he 'short and plain statement' must provide the [respondent] with 'fair notice of what the [petitioner's] claim is and the grounds upon which it rests.'" Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005). "Experience teaches that, unless cases are pled clearly and precisely, . . . the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000). A court cannot grant relief based on conclusory allegations unsupported by specific facts. James v. Borg, 24 F.3d 20, 26 (9th Cir. 1996).

A court may dismiss a habeas petition if it does not "state facts that point to a real possibility of constitutional error." Blackledge v. Allison, 431 U.S. 63, 76 n.7 (1977) (citation omitted). For instance, a court may dismiss a complaint because it is unintelligible or frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 324 (1989); see also Hines v. Napolitano, No. CIV. 071816-WQH (RBB), 2007 WL 2859745, at *1 (S.D. Cal. Sept. 26, 2007) (dismissing petition which contained "unintelligible allegations without any specific federal constitutional grounds for relief"; court need not "engage in a tenuous analysis in order to attempt

to identify and ma[k]e sense of the Petition"). Additionally, a court may dismiss a claim as factually frivolous when the facts alleged are implausible. Denton v. Hernandez, 504 U.S. 25, 32–33 (1992).

Habeas Rule 2(c) "requires a more detailed statement [than Rule 8]. The habeas rule instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground.'" Mayle v. Felix, 545 U.S. 644, 649 (2005); see Rules Governing Section 2254 Cases in the United States District Courts. Consequently, in a habeas petition, "notice pleading is not sufficient," and a petitioner must "state facts that point to a real possibility of constitutional error." Id. at 655 (quoting Habeas Rule 4's 1976 Advisory Committee Notes); McFarland v. Scott, 512 U.S. 849, 856 (1994) (holding under Habeas Rule 2(c), "petitions must meet heightened pleading requirements").

## 2.    Analysis

Here, the Petition fails to comply with Rule 8 and Habeas Rule 2(c). Specifically, the Petition fails to set forth facts that "point to a real possibility of constitutional error." See dkt. 1 at 4–5; Mayle, 545 U.S. at 649. As a preliminary matter, it is unclear whether Pollard seeks to challenge a state court conviction and if so, what conviction Pollard seeks to challenge. Pollard checks the boxes stating the Petition concerns a "conviction" and "other." Dkt. 1 at 2. In describing "other," Pollard writes "Court Double Stacking Police Reports to Hide." Id. To the extent the Court can decipher Pollard's claims, the Petition appears centered on allegations that (1) the "superior court . . . is double stacking police reports . . . that are contradicting statement[s] to manipulate probable cause to hide evidence" and (2) "public defender Cornelius did not defend the preliminary hearing to tell the court victim refused medical." Id. at 4–5. Pollard's conclusory allegations, unsupported by specific facts, do not warrant habeas relief. James, 24 F.3d at 26. It is also unclear whether these purported claims are exhausted. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."). Further, Pollard's additional allegation that the state caused him to lose his Social Security Income ("SSI") benefits, dkt. 1 at 4, is not cognizable on habeas review. Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011) (finding claims that would not "necessarily spell speedier release" do "not lie at the core of habeas corpus"). Accordingly, the Petition is subject to dismissal for violating Rule 8 and Habeas Rule 2(c).

## III.
## ORDER

For the above reasons, the Petition appears subject to dismissal. Pollard is therefore ORDERED TO SHOW CAUSE why the Court should not dismiss the Petition **no later than March 3, 2021**. Pollard must respond in writing by either (a) clearly explaining why the deficiencies referenced above do not warrant dismissal; or (b) filing a First Amended Petition curing the above referenced deficiencies. The First Amended Petition shall be complete in itself. It shall not refer in any manner to the original Petition. In other words, Pollard must start over when preparing the First Amended Petition.

**The Court expressly warns Pollard that failure to timely file a response to this Order will result in the Court dismissing this action with prejudice for his failure to state a claim and name a proper respondent and/or for his failure to comply with court orders and failure to prosecute. See** FED. R. CIV. P. 41(b).

   The Clerk of Court is directed to serve a copy of this Order on Pollard at his current address of record and provide Pollard with a blank form Petition for his use in filing a First Amended Petition.

   **IT IS SO ORDERED.**